No. 14,614.

Gray *v*. Gray.

(100 P. [2d] 150)

Decided March 4, 1940.

Mr. RILEY R. CLOUD, for plaintiff in error.

Mr. HARRY E. MAST, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, filed an amended complaint in the district court seeking to establish a trust in his favor in certain real estate which he had previously and unconditionally deeded to his son. General and special demurrers to said complaint were sustained, and reversal of the judgment accordingly entered is sought on a writ of error.

The complaint filed September 27, 1938, as finally amended March 7, 1939, alleges that defendant was the duly. appointed qualified and acting administratrix of the estate of William A. Gray, deceased, appointed as such September 9, 1938; that January 7, 1935, plaintiff purchased certain real estate; that December 12, 1936, he deeded said real estate to his son, William A. Gray, without any restrictions; that this deed was recorded; that January 28, 1938, his son, William A. Gray died; that defendant, the son's wife, is the sole heir at law; that he had an oral agreement with the son to the effect that title to the property was not to vest in the latter until the father's death, and that the son was to pay the father twenty-five dollars a month as rental for the property during the father's lifetime. There was no proviso as to what should happen in the event the son died first, which he did. The prayer was that the court decree the property to plaintiff.

The grounds of the general demurrer were: 1. That the district court had no jurisdiction. 2. That the com-

plaint, as finally amended, did not state facts sufficient to constitute a cause of action. 3. That Amelia E. Gray was named as defendant only in her representative capacity, and that hence there was a defect in parties defendant.

█ This general demurrer was properly sustained on the last mentioned ground. It is elementary that title to real property vests in the heirs on the death of an intestate owner, and the district court was without authority in this proceeding to enter any decree affecting it, since the owner, as such, was not made a party to the action. The allegation in the body of the complaint that Mrs. Gray was the "sole heir" did not cure this defect. It is unnecessary to consider the other assignments of error.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.